# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. CR08-0078 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| **JERMAINE NEELY,** | |
| Defendant. | |

On the 24th day of November, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney John Jay Rausch.

## RELEVANT FACTS

On November 19, 2008, Defendant Jermaine Neely was charged by Indictment (docket number 1) with conspiracy to distribute 50 grams or more of crack cocaine. Defendant entered a plea of not guilty and trial is scheduled for January 20, 2009.

DEA Special Agent Dustin Wernli testified regarding the circumstances underlying this charge. On May 6, 2008, a controlled purchase of crack cocaine was made from Jordan McConnell, one of the co-Defendants in this case. On June 23, 2008, crack cocaine was found in McConnell's vehicle. On July 16, 2008, a search was conducted of McConnell's home, resulting in the seizure of four ounces of crack cocaine and a handgun. McConnell told authorities that he had purchased the crack cocaine from Crystal Davis, one of the other co-Defendants in this case. Arrangements were made on the same day for McConnell to purchase additional crack cocaine from Davis. In making those arrangements, Defendant asked McConnell in a recorded telephone call if he had "gotten

1

rid of" the crack cocaine which McConnell had previously purchased. Later on July 16, 2008, McConnell went to Davis' house and purchased 63 grams of crack cocaine. The purchase was surveilled by law enforcement officers.

A search was conducted at Davis' residence on the following day, July 17, 2008. While officers did not find any additional drugs or money, Davis was *Mirandized* and agreed to talk with the agents. Davis told the officers that Defendant would bring crack cocaine from Chicago and keep it in Davis' house. Sometimes Defendant would distribute the crack himself, while on other occasions Davis would distribute the crack cocaine. Davis told officers that Defendant's supplier in Chicago was "Ryan," whom officers determined to be Everett Ryan Oliver.

McConnell called Oliver in Chicago and arranged for a controlled purchase. When Oliver arrived at the location, however, he was arrested by DEA agents. Oliver had nine ounces of crack cocaine in his possession at the time of his arrest. Oliver admitted to agents that he would supply crack cocaine to Defendant and McConnell.

According to the Pretrial Services Report, Defendant is 26 years old and unemployed. Prior to his arrest, Defendant lived with his girlfriend and their five-month-old child. Defendant does not have a history of medical or mental health problems. Defendant admitted that he previously smoked marijuana, but told the pretrial services officer that he has not smoked it in several years.

Between January 29, 2000 and July 7, 2001, Defendant was arrested 11 times on possession, delivery, or manufacture of cannabis. While the Pretrial Services Report does not show any convictions for those arrests, bond was forfeited on six of those occasions. From July 17, 2001 to January 30, 2002, Defendant was arrested on three occasions for manufacture/delivery of cannabis. On April 24, 2002, Defendant was sentenced to one year in prison on each of the first two charges and two years in prison on the third charge. Between January 12, 2002 and October 2, 2003, Defendant was arrested 16 more times for possession of cannabis. Bond was forfeited on seven of those charges.

Since moving to Iowa in 2003, Defendant has 3 convictions for interference with official acts, 13 convictions for driving while barred, and 2 convictions for possession of a controlled substance. Following his conviction for possession of a controlled substance in 2006, Defendant received a ten-year suspended prison term. He was placed on probation for two years and was found in contempt of that probation on January 16, 2008. He was also convicted in 2006 for voluntary absence (escape).

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id*. Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id*.

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case,

Defendant is charged with conspiracy to distribute crack cocaine, one of the offenses enumerated in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. According to Mr. Chatham, with Defendant's prior felony drug

4

conviction, this charge carries a mandatory minimum 20-year prison term. As outlined above, Defendant has previously been sent to prison in Illinois for three drug-related charges and has more than two dozen other drug-related arrests. Defendant was on probation for possession of crack cocaine at the time of the events which give rise to the instant charge. Defendant has also been convicted of voluntary absence (escape) and failed to appear in court on November 15, 2005 and January 17, 2006 on an interference with official acts charge.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore,

pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 20, 2008) to the filing of this Ruling (November 24, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 24th day of November, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA